**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TEODORO SEGUNDO ESPINOZA-CADENAS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-75061 <br><br> Agency No. A070-774-305 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 4, 2011[**]
San Francisco, California

Before: HUG and BEEZER, Circuit Judges.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The original panel included Judge Cynthia Hall, who is deceased.  We have determined that the appointment of a replacement judge is unnecessary. (Filing delayed due to clerical error.)

Teodoro Espinoza-Cadenas, a native and citizen of Guatemala, illegally entered the United States without inspection in 1992. He claims to have been persecuted by guerilla rebels in Guatemala, and he seeks asylum, withholding of removal, and relief under the Convention Against Torture. An Immigration Judge denied his claims based on an adverse credibility finding, and alternatively on Espinoza-Cadenas's failure to meet his burden of proof for relief. The Board of Immigration Appeals affirmed on these grounds. We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny the petition.

As an initial matter, Espinoza-Cadenas argues that the IJ erred by not admitting some of his documentary evidence for want of authentication. An IJ's decision to exclude a document from evidence for lack of authentication is reviewed for an abuse of discretion. *Vatyan v. Mukasey*, 508 F.3d 1179, 1182 (9th Cir. 2007). The IJ deemed the evidence not authenticated because the only source of information about the evidence was Espinoza-Cadenas's own incredible testimony. Because an IJ may consider the credibility of a petitioner's testimony before deciding whether evidence has been authenticated, it was within the IJ's discretion to exclude some of Espinoza-Cadenas's documentary evidence. *See* 8 C.F.R. § 1240.1(c). Espinoza-Cadenas's suggestion that a petitioner's incredible testimony must be sufficient to authenticate documents is unsupported.

2

Our review of the IJ's adverse credibility finding is deferential. As long as one of the identified grounds underlying the adverse credibility finding is supported by substantial evidence and goes to the heart of the claims of persecution, we are bound to accept the agency's finding. *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003).

The IJ and BIA noted material inconsistencies in Espinoza-Cadenas's testimony that were at the heart of his claims of persecution. For instance, Espinoza-Cadenas testified that guerilla rebels attacked his brother because they mistook his brother for him. However, Espinoza-Cadenas's asylum application stated that he was not sure who attacked his brother, and that his brother may have been attacked because of his "beliefs." Espinoza-Cadenas also testified that his brother *threw himself* over a bridge to escape guerillas, but this is inconsistent with a letter from Espinoza-Cadenas's other brother stating that his brother *was thrown by guerillas* over a bridge. Furthermore, Espinoza-Cadenas testified that his cousin was murdered by guerillas, possibly because his cousin confronted them. However, a "patrol unit report" submitted by Espinoza-Cadenas states that the murder was part of a robbery, and it does not mention ties to any guerillas. These inconsistencies are central to Espinoza-Cadenas's claims for relief because the alleged attacks on Espinoza-Cadenas's family were the primary reasons for his

3

immigration to the United States. Therefore, we accept the adverse credibility determinations of the courts below.

Because Espinoza-Cadenas has failed to demonstrate eligibility for asylum, he necessarily has failed to demonstrate eligibility for withholding of removal. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995) ("[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well.").

Eligibility for CAT relief is distinct from eligibility for asylum. *Kamalthas v. INS*, 251 F.3d 1279, 1282–83 (9th Cir. 2001). However, Espinoza-Cadenas's CAT claims are based on the same testimony that the BIA and IJ determined to be not credible. Because Espinoza-Cadenas "points to no other evidence that he could claim the BIA should have considered in makings its [CAT] determination," we must affirm the rejection of his CAT claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). Espinoza-Cadenas is not eligible for CAT protection because he has not produced credible evidence that he will more likely than not be tortured if removed to Guatemala. *See* 8 C.F.R. § 1208.16(c)(2).

The petition for review is **DENIED**.